UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLOOD HADAD, | )<br>) No. 13 C 3802 |
| Plaintiff, | )<br>) |
| v. | ) Judge Thomas M. Durkin<br>) |
| WORLD FUEL SERVICES, INC., and<br>MAHMOUD SABBAH, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Holood Hadad brings this suit against World Fuel Services, Inc. ("WFS"), and Mahmoud Sabbah, seeking relief against both Defendants for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 *et. seq.* ("Count I"), and against Sabbah individually for battery under Illinois state law ("Count II"). R. 1. Sabbah has moved to dismiss Count I against him under Federal Rule of Civil Procedure 12(b)(6), and Count II under Rule 12(b)(1). R. 8. For the following reasons, Sabbah's motion is granted.

## BACKGROUND

The following relevant facts, drawn from Hadad's complaint, are accepted as true, and all reasonable inferences are drawn in Hadad's favor. *See Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013).

WFS is a business that owns and operates a gas station in Chicago, Illinois. R. 1 ¶ 4. At all times relevant to her complaint, Hadad alleges that she was an employee of the gas station, and Sabbah was an employee, agent, and/or servant of

1

WFS. R. 1 at ¶¶ 6, 7. Hadad alleges that she did not receive proper compensation for the overtime hours she worked during her employment at the gas station from February 2012 until February 2013.[1] R. 1 ¶ 10. In total, Hadad claims that she did not receive adequate compensation for 196 overtime hours. R. 1 ¶ 11.

Hadad alleges that she had a conversation with Sabbah on January 20, 2013, regarding missed overtime payments. R. 1 at ¶ 9. According to Hadad, "Sabbah cornered her near the tobacco stand, then proceeded to the register" where he "removed money from the cash register" and "forcefully" placed it into her hand. R. 1 at ¶¶ 12-13. Sabbah then allegedly tightly squeezed Hadad's hand until she "screamed in pain." R. 1 at ¶ 13. Hadad alleges that Sabbah subsequently grabbed her wrist, and yanked and twisted it down, causing Hadad's shoulder to make a "popping sound." R. 1 at ¶ 14. Afterward, Sabbah allegedly "hit [Hadad's] arm with a hanger and threatened to drag [Hadad] by her hair if she did not leave the store." R. 1 at ¶ 15.

On May 22, 2013, Hadad filed this suit against Sabbah and WFS, alleging a violation of the FLSA and a battery claim under Illinois law. R. 1. Hadad asked the Court to exercise its supplemental jurisdiction authority over her Illinois state law battery claim. R. 1 at ¶ 1.

---

[1] Although Hadad alleges that she was not adequately compensated between February 2012 and February 2013, the last week Hadad says she did not receive adequate compensation was the week of November 11, 2012. *See* R. 1 at ¶ 11.

2

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See*, *e.g.*, *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim for which the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Article III, Section 2 of the U.S. Constitution defines the outer bounds of a federal court's subject matter jurisdiction, although generally, a court's jurisdiction in a non-criminal case arises from a federal question, a deprivation of one's civil rights, or diversity among the parties. *See* 28 U.S.C. §§ 1331, 1332, 1343; *see also*

*Rabe v. United Air Lines, Inc.* 636 F.3d 866, 872 (7th Cir. 2010). When a defendant challenges jurisdiction, the plaintiff bears the burden of establishing a court's jurisdiction. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). As with a Rule 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chi.,* 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999)).

## ANALYSIS

The Court will first address Sabbah's motion regarding the FLSA claim in Count I and, second, the Illinois state law battery claim in Count II.

### I. FLSA Claim Against Sabbah

Count I is an FLSA claim for overtime pay. R. 1. To prove an FLSA claim, Hadad bears the burden of proof and must establish that (1) she performed uncompensated overtime, and (2) Sabbah, as her employer, had "actual or constructive knowledge" of that overtime work. *See* 29 U.S.C. § 207(a)(1); *Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 177 (7th Cir. 2011). Sabbah challenges the sufficiency of Count I in Hadad's complaint, which seeks to hold Sabbah liable in his individual capacity. R. 8. Specifically, Sabbah argues that Hadad has not alleged sufficient facts to indicate that he was Hadad's employer for purposes of the FLSA. R. 8 at 2. He contends Hadad's allegation that he was an "employer[] engaged in commerce or in the production of goods for commerce, within the meaning of the

4

FLSA, 29 U.S.C. §[§] 206(a) and 207(a)" is conclusory and thus insufficient to survive a Rule 12(b)(6) motion to dismiss. R. 8 at 2. The Court agrees.

The Seventh Circuit has explained, "The word 'employer' is defined broadly enough in the FLSA . . . to permit naming another employee rather than the employer as defendant, provided the defendant had supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation." *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987); *see Tamayo v. Blagojevich*, 526 F.3d 1074, 1088 (7th Cir. 2008). Nevertheless, Hadad has not alleged any *facts* that show Sabbah had any authority over her or that Sabbah had any role in the alleged violation of the FLSA. Hadad alleges that Sabbah "was an employee, agent and/or servant" of WFS, but that does not establish any type of supervisory role or control of the day-to-day operations at the gas station. *Cf. Morgan v. Speak Easy, LLC*, 625 F. Supp. 2d 632, 646 (N.D. Ill. 2007) (describing factors the court considered in determining the defendant's liability for the alleged FLSA violations). The allegation also does not establish that Sabbah had any type of ownership in, or corporate-officer relationship with, WFS or the gas station, which might be sufficient under the FLSA. *See McLaughlin v. Lunde Truck Sales, Inc.*, 714 F. Supp. 920, 922 (N.D. Ill. 1989). Furthermore, Hadad's allegation that Sabbah opened the cash register, removed money from it, and gave the money to her likewise does nothing more than establish that Sabbah allegedly worked at the gas station with Hadad. Those allegations, as well as Hadad's contention that "Defendants have been and continue to be employers . . . within the FLSA," R. 1 at

5

¶¶ 12-13, 18; are insufficient to establish Sabbah's personal liability under the FLSA. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.").

In sum, Hadad's complaint does not adequately allege facts demonstrating Sabbah was Hadad's employer within the purview of the FLSA.

**II. Illinois State Law Battery Claim**

Having determined that Count I was inadequately pled, the Court looks to whether it should exercise supplemental jurisdiction over Hadad's state law battery claim in Count II.[2] Sabbah argues the Court should not exercise supplemental jurisdiction over Count II because it "alleges no more than an on-the-job physical altercation and injury claim by one employee against another employee that is unrelated to any alleged violation of FLSA." R. 8 at 2. Again, the Court agrees.

28 U.S.C. § 1367 allows a district court to decide any "claims" related to other claims over which the court has original jurisdiction "if they are so closely related to the plaintiff's federal-law claims as to be in effect part of the same case." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007) (citing 28 U.S.C. § 1367(a)); *see Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). The purpose of supplemental jurisdiction is to promote "economy in litigation," as it would be inefficient to adjudicate essentially the same issues in two separate forums. *See Williams*, 479 F.3d at 906-08.

---

[2] Hadad does not set forth any other basis for the Illinois state law battery claim to be in federal court.

Hadad argues there is a "common nucleus of operative facts" between her state law battery claim and her FLSA claim because "the motivating factor behind Defendant Sabbah's aggressive treatment was overtime payment" and "Sabbah's tortious actions are reflective of why Plaintiff Hadad was not paid for her overtime work," R. 9 at 4, but these arguments miss the mark. The Court must look to what forms the basis for the claims in Counts I and II—e.g., the required elements—to determine whether the state law battery claim "form[s] part of the same Article III case or controversy" as the FLSA claim in Count I. *See Ervin v. OS Restaurant Servs., Inc.*, 632 F.3d 971, 980 (7th Cir. 2011). The underlying rationale for why Sabbah might have engaged in the tortious conduct alleged does not in and of itself make the claims "intertwined," as Hadad contends. R. 9 at 5.

Under Illinois law, an individual commits a battery if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Bakes v. St. Alexius Med. Ctr.*, 955 N.E.2d 78, 85-86 (Ill. App. Ct. 1st Dist. 2011) (quoting Restatement (Second) of Torts § 13 (1965)). As the Court previously explained, to prove an FLSA claim, Hadad must establish that (1) she performed uncompensated overtime, and (2) Sabbah, as her employer, had "actual or constructive knowledge" of that overtime work. *Kellar*, 664 F.3d at 177. Thus, it is clear that the facts necessary to establish a claim in Count I are completely unrelated to the facts necessary to establish a claim in Count II; none of the elements in either Count has any bearing on the elements of

7

the other.

This situation is different from *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995), a case Hadad cites, in which the court stated that a "loose factual connection between the claims is generally sufficient." In that case, the plaintiff alleged a Title VII sexual harassment claim and state law claims for assault and battery. *Id.* at 424-25. The court held that the claims arose from a common nucleus of operative facts because the employer had a duty to take reasonable steps to discover and rectify sexual harassment, and reasonableness depends on the "gravity of the harassment." *Id.* at 425. As the court stated, "[W]ithout reference to the facts surrounding the assault, there could have been no sexual harassment claim against the employer." *Id.* The opposite is true here: whether Sabbah committed a battery against Hadad has no bearing on whether WFS adequately compensated Hadad for her alleged overtime work.

Hadad also cites *Quela v. Payco-General American Credits, Inc.*, 84 F. Supp. 2d 956, 960 (N.D. Ill. 2000), to support her "loose factual connection" argument. R. 9 at 3. *Quela* is like *Ammerman*, however, in that both cases involved state law assault and battery claims that essentially formed the basis for Title VII claims. The difference between *Quela* and *Ammerman* is a Title VII claim in *Quela* was for retaliation; the plaintiff alleged that "because he prepared and presented a statement regarding the hostile work environment to management, he was subjected to physical threats, intimidation and verbal abuse from his manager . . . ." *Id.* at 960-61 (internal quotation marks omitted). Conversely, in this case, the time

8

period relating to Hadad's FLSA claim in Count I was over two months before the battery allegation in Count II, as Hadad does not allege that she did not receive adequate compensation after the confrontation on January 20, 2013. *See* R. 1 at ¶¶ 6-8, 10. Accordingly, unlike in *Quela*, the factual allegations of Count II are not "highly relevant" to the determination of whether Hadad received adequate compensation for overtime work. *See Eager v. Commonwealth Edison Co.*, 187 F. Supp. 2d 1033, 1040 (N.D. Ill. 2002) (dismissing the plaintiff's claims for assault, battery, and negligent infliction of emotional distress because "it [was] not the case that the 'factual allegations regarding incidents of physical assault and battery . . . [were] highly relevant to the determination of whether a hostile work environment existed.'" (quoting *Lyman v. Foot First Podiatry Ctrs.*, 919 F. Supp. 1141, 1148 (N.D. Ill. 1996)). Declining to exercise supplemental jurisdiction over Count II here will have no effect on the adjudication of the allegations in Count I.

The Court recognizes that handling the FLSA claim and the state law battery claim in a single proceeding may yield some minor benefits. Nonetheless, the claims in Count II do not arise from the same core of operative facts as those in Count I, especially in light of the Court's dismissal of Sabbah from Count I.

## CONCLUSION

For the foregoing reasons, the Court grants Sabbah's motion to dismiss. R. 8. Count II is therefore dismissed in its entirety, and Sabbah is dismissed from the case without prejudice. Hadad may seek leave of Court to amend her complaint if she can cure the deficiencies in Count I related to Sabbah. This opinion does not

9

affect the FLSA claim in Count I against World Fuel Services, Inc.

The parties are directed to appear for a status hearing on January 23, 2014, at 9:00 a.m. to discuss the case. Hadad should be prepared to explain his efforts, if any, to serve World Fuel Services, Inc.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 11, 2013